UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                 :

IN RE APPLICATION OF SRI TRANG GLOVES    :     25-MC-325 (JAV)
(THAILAND) PUBLIC COMPANY LIMITED        :
FOR AN ORDER SEEKING DISCOVERY           :     ORDER
PURSUANT TO 28 U.S.C. § 1782                  :
                                                 X
---------------------------------------------------------------------
JEANNETTE A. VARGAS, United States District Judge:

On July 31, 2025, Petitioner Sri Trang Gloves (Thailand) Public Company Limited ("Sri Trang") commenced this action, seeking an *ex parte* order authorizing discovery for use in a foreign proceeding from The Clearing House Payments Company L.L.C. ("CHIPS") and American Express Company ("American Express") by means of subpoenas served pursuant to Rule 45 of the Federal Rules of Civil Procedure. *See* ECF No. 1 ("Appl."). For the reasons stated below, the application is **GRANTED**, without prejudice to the timely filing of a motion to quash the subpoenas.

The ongoing judicial proceeding, entitled *Sri Trang Gloves (Thailand) Public Company Limited v. Pacific Apex Partnership LLC and Dr. Shann Lin,* General Division of the High Court of the republic of Singapore, Case No. HC/OA 765/2025 (the "Singapore Proceeding"), commenced on July 21, 2025 before the Singapore High Court in order to confirm a multi-million dollar Singapore-seated arbitration award entered against Pacific Apex Partnership LLC ("Pacific Apex") and, its founder and sole member, Dr. Shann Lin ("Dr. Lin" and, together with Pacific Apex, "Defendants"). ECF No. 3 ("Sullivan Decl."), ¶ 1. Sri Trang is a manufacturer of examination gloves dual-listed in Singapore and Thailand, and its application arises from an arbitration in Singapore where a tribunal found that Defendants were liable to Sri Trang for breach of contract and/or other claims in a principal amount that exceeds USD $4.7 million plus interest and costs (totaling over USD 9 million to date). *Id.* ¶ 6. The tribunal further found that

Defendants had given false evidence, under oath, during the arbitration. *Id.* ¶ 7. Sri Trang commenced the Singapore Proceeding to confirm the award and to obtain a worldwide freezing order against Pacific Apex and Dr. Lin so that it may enforce the award, which order was issued. *Id.* ¶ 8.

By this Application, Sri Trang seeks to obtain certain financial documents relating to the international transfer of funds (specifically U.S. dollar-denominated transactions) by the Defendants, who frequently transferred funds internationally through CHIPS and made purchases and payments of credit cards from American Express. *Id.* ¶ 9. This information will assist Sri Trang in identifying entities and assets that may be subject to the injunction entered by the Singapore High Court. *Id.* Given the tribunal's finding that Dr. Lin has already lied under oath, obtaining the requested documents from CHIPS and American Express are also sought to verify the information that Dr. Lin will be required to provide during the Singapore Proceeding. *Id.* ¶ 10.

Section 1782(a) authorizes a district court to order discovery for use in foreign proceedings under certain circumstances. *See Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012). It also authorizes district courts to grant applications made pursuant to § 1782 *ex parte*. "The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Gushlak v. Gushlak,* 486 Fed. App'x 215, 217 (2d Cir. 2002); *see also In re FourWorld Event Opportunities Fund, L.P.*, No. 22 Misc. 316 (KPF), 2022 WL 17156111, at *3 (S.D.N.Y. Nov. 21, 2022). Upon the granting of the Application, both CHIPS and American Express will have ample opportunity to object and be heard.

Before granting an application pursuant to Section 1782, a court must find that three statutory requirements are satisfied. First, that "the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made. Second, that the discovery be for use in a foreign proceeding before a foreign tribunal. And third, that the application be made by a foreign or international tribunal or any interested person." *Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, LLP*, 798 F.3d 113, 117 (2d Cir. 2015) (cleaned up). If those requirements are met, Section 1782 "authorizes, but does not require, a federal district court" to grant the application. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). In determining whether to exercise that discretion, a district court should consider: (1) whether the person from whom discovery is sought is participating in the foreign proceeding; (2) the nature of the foreign tribunal and its receptiveness to U.S. judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome. *See id.* at 264-65.

The three statutory requirements are met here. First, CHIPS and American Express "reside" or "are found" in the Southern District of New York because they both have their headquarters in the Southern District of New York. Sullivan Decl., ¶¶ 15, 16. *See also In re BNP Paribas Jersey Tr. Corp. Ltd. for an Order Pursuant to 28 U.S.C. §1782 to Conduct Discovery for Use in Foreign Proceedings*, No. 18-MC-00047 (PAC), 2018 WL 895675, at *2 (S.D.N.Y. Feb. 14, 2018).

Second, the discovery sought is "for use in" the Singapore Proceeding because it is "something that will be employed with some advantage or serve some use in the proceeding." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 132 (2d Cir. 2017). Sri Trang seeks the production of assets, accounts, or transfers to or from the Defendants from CHIPS as well as credit card

purchases and payment histories from American Express. This information will assist Sri Trang in locating the assets of Pacific Apex and Dr. Lin, identifying the entities that may be subject to or notified of the freezing order entered by the Singapore High Court, and verifying the statements Dr. Lin will be required to make in the Singapore Proceeding. Sullivan Decl., ¶¶ 9-10.

Third, Petitioner is an "interested person" under the statute. Sri Trang is an interested party because Sri Trang was the Claimant in the foreign Arbitration and is the applicant in the proceeding before the Singapore High Court to confirm the Final Award and obtain a worldwide freezing order against Pacific Apex and Dr. Lin. *See In re Application of Esses*, 101 F.3d 873, 875 (2d Cir. 1996) (A party to the foreign proceeding is an "interested person" under Section 1782).

The four discretionary *Intel* factors also weigh in favor of granting the application. *See Intel*, 542 U.S. at 264-65. First, CHIPS and American Express are not participants in the Singapore Proceeding. *See Gorsoan Ltd. v. Bullock*, 652 Fed. App'x 7, 9 (2d Cir. 2016) (unpublished) (Respondents are "not parties to the [foreign] proceedings, so the first *Intel* factor weighs in favor of discovery.").

Second, for these purposes, the Court can conclude that the Singapore High Court would likely be receptive to this form of U.S. judicial assistance because there appears to be no "authoritative proof" otherwise. *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995) (A district court "should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782," such as proof "embodied in a forum country's judicial, executive or legislative declarations that specifically address the use of evidence gathered under foreign procedures"). The Court has no reason to believe that

Singapore would not be receptive to evidence gathered under the auspices of Section 1782. ECF No. 4 at 11-12.

Third, the application does not conceal an attempt to circumvent foreign evidence-gathering rules. This factor concerns whether the application circumvents foreign "rules akin to privileges that *prohibit* the acquisition or use of certain materials," not "rules that *fail to facilitate* investigation of claims by empowering parties to require their adversarial and non-party witnesses to provide information." *Mees v. Buiter*, 793 F.3d 291, 303 n.20 (2d Cir. 2015). Additionally, the "availability of the discovery in the foreign proceeding should not be afforded undue weight" in this analysis. *Id.* at 303. The application does not seek to violate foreign prohibitions because the application does not attempt to circumvent any proof-gathering restriction or public policy in the Singapore Proceeding. ECF No. 4 at 12-13.

Fourth and finally, the discovery sought is not "unduly intrusive or burdensome." The discovery is narrowly tailored as it only seeks U.S. dollar denominated transactions by CHIPS in the ordinary course and limited credit card transactions that are maintained by American Express in the ordinary course.

## CONCLUSION

Accordingly, the application is GRANTED. Petitioner's U.S. counsel, Nicole A. Sullivan, is authorized to serve the subpoenas attached as Exhibits A and B to its Petition, ECF Nos. 1-2, 1-3, on Respondent, together with a copy of this Order, no later than **thirty days** from the date of this Order. No later than **the same date**, and *before* serving the subpoena on Respondents, Petitioner shall provide actual notice and courtesy copies of the subpoena, application, and supporting documents to the party or parties against whom the requested discovery is likely to be used through any such party's counsel, or if the identity of such party's

counsel is unknown, on that party directly. *See In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) ("[T]he ultimate targets of a § 1782 discovery order issued to third parties have standing to challenge the district court's power to issue a subpoena under the terms of an authorizing statute." (internal quotation marks omitted)).  Petitioner shall promptly file proof of such service on ECF.

Any further proceedings shall be governed by the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Court for the Southern District of New York, and the Court's Individual Rules and Practices in Civil Cases.  If the parties believe that a protective order is appropriate or necessary, they shall adhere to the procedures set forth in Section 5.N of the Court's Individual Rules.  In the event of any dispute concerning the subpoena or any proposed protective order, the parties shall meet and confer before raising the dispute with the Court.

The Clerk of Court is directed to terminate ECF Nos. 1 and 2 and to close the case.

SO ORDERED.

Dated: August 20, 2025
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge